**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROSE BANNER, | ) | NO. CV 05-7963-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on November 9, 2005, seeking
review of the Commissioner's denial of benefits.  The parties filed
a consent to proceed before a United States Magistrate Judge on
December 19, 2005.  Plaintiff filed a motion for summary judgment on

June 16, 2006.  Defendant filed a cross-motion for summary judgment on July 12, 2006.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed November 10, 2005.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, a former accounting clerk, asserts disability based primarily on alleged orthopedic problems (Administrative Record ("A.R.") 16-299).  During a greater than 12-month period, treating orthopedist James K. Styner reported to Plaintiff's workers' compensation attorney that Plaintiff was "temporarily totally disabled" (A.R. 180-207, 249-62).  The Administrative Law Judge ("ALJ") found Plaintiff's severe orthopedic problems preclude the performance of her past relevant work (A.R. 23).  The ALJ concluded, however, that Plaintiff still could perform other work.  Id.  The Appeals Council denied review (A.R. 5-7).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///

///

///

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . .   This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not

_____

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

     In the present case, the parties disagree concerning what Dr. Styner meant by the term "temporarily totally disabled."  The parties also may disagree concerning what the ALJ understood from Dr. Styner's use of this term.  As discussed below, these matters are uncertain on the present record.

     Defendant appears to suggest, and Plaintiff appears to deny, that the disputed term typically refers only "to the claimant's inability to perform their [sic] usual and customary work" (as distinguished from the inability to perform any work whatsoever) (Defendant's Motion at 4).  The ALJ stated in footnote 2 of the decision that "in workers compensation cases, the term 'disability' typically refers to the claimant's incapacity to perform the job that gave rise to the injury, i.e., the claimant's past work" (A.R. 21). Yet, the ALJ also declared in the same footnote "I do not give much weight to Dr. Styner's report stating that the claimant is

1   temporarily disabled." <u>Id.</u>  If Dr. Styner's opinion concerned only

2   whether Plaintiff could perform Plaintiff's past work, then the ALJ's

3   criticism of Dr. Styner's opinion is puzzling.  The ALJ <u>agreed</u> that

4   Plaintiff cannot perform Plaintiff's past work.

5

6        One aspect of Dr. Styner's opinion may suggest that Dr. Styner

7   believed Plaintiff to be disabled from more than just the performance

8   of Plaintiff's past work.  One of Dr. Styner's reports opines

9   Plaintiff "is in need of housekeeping help in order to reduce the

10  chance of her exacerbating her symptoms and worsening her condition"

11  (A.R. 199).  A person incapable of performing housekeeping without

12  risk to his or her health might well be incapable of performing the

13  jobs the ALJ found Plaintiff can perform.  Further, some authorities

14  suggest that the concept of disability in the context of workers'

15  compensation encompasses the inability to perform any work, not just

16  the inability to perform past work.  <u>See</u> <u>Herrera v. Workmen's</u>

17  <u>Compensation Appeals Bd.</u>, 71 Cal. 2d 254, 257, 78 Cal. Rptr. 497,

18  499, 455 P.2d 425, 427 (1969) ("a 'disability' under the Workman's

19  Compensation Law connotes an inability to work.  Where an employee

20  has been temporarily disabled by an industrial injury, he is

21  considered temporarily Totally disabled if he is unable to earn any

22  income during the period when he is recovering from the effects of

23  the injury"); <u>Huston v. Workers' Compensation Appeals Bd.</u>, 95 Cal.

24  App. 3d 856, 866 n.15, 157 Cal. Rptr. 355, 360 (1979) ("Temporary

25  disability is total when it produces complete, or a substantially

26  complete, cessation of earning power.  (2 Hanna [California Law of

27  Employee Injuries and Workmen's Compensation (2d. rev. ed. 1979)]

28  § 13.01(2).)") (quotations omitted); <u>accord</u> <u>Booth v. Barnhart</u>, 181

F. Supp. 2d 1099, 1103 n.2 (C.D. Cal. 2002); see also Moore v.
American United Life Ins. Co., 150 Cal. App. 3d 610, 629, 197 Cal.
Rptr. 878, 889-90 (1984).  Given the uncertainties attending
Dr. Styner's use of the term "temporarily totally disabled," and the
uncertainties attending what the ALJ understood Dr. Styner to mean,
the ALJ should recontact Dr. Styner to seek clarification.  See 20
C.F.R. § 404.1512(e); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
1996); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

      If Dr. Styner is of the opinion Plaintiff is disabled from
all employment, the ALJ has not yet stated sufficient reasons for
rejecting such opinion.[2]  The ALJ stated only two specific reasons
for "not giv[ing] much weight" to Dr. Styner's opinion: (1) the
observation that "these reports where [sic] prepared with the
possibility of litigation and therefore were skewed in the interest
of the party who retained his services for purposes of the WC claim";
and (2) the suggestion that the term "disability" as used in the
workers' compensation context typically refers only to an incapacity
to perform past work (A.R. 21).  The first reason, without more, is
insufficient.  See Reddick v. Chater, 157 F.3d 715, 726 (9th Cir.

---

[2]      Contrary to Defendant's argument, the mere contradiction
of a treating physician's opinion by consultative physicians does
not satisfy the requirement of stating specific, legitimate reasons
for rejecting a treating physician's opinion.  Subsequent to the
decisions cited by Defendant (such as Andrews v. Shalala, 53 F.3d
1035 (9th Cir. 1995) and Magallanes v. Bowen, 881 F.2d 747 (9th
Cir. 1989)), the Ninth Circuit has reiterated that the
Administration always must state specific, legitimate reasons for
rejecting the contradicted opinions of treating physicians.  See,
e.g., Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)
(reading Andrews and Magallanes more narrowly than Defendant
apparently urges).

1  1998) ("[I]n the absence of other evidence to undermine the

2  credibility of a medical report, the purpose for which the report was

3  obtained does not provide a legitimate basis for rejecting it."). As

4  previously discussed, the second reason is also insufficient, given

5  the uncertainty surrounding Dr. Styner's intendment.

6

7  Defendant argues that the ALJ noted an alleged inconsistency

8  between Dr. Styner's opinion and range of motion testing (Defendant's

9  Motion at 6-7). In fact, however, the ALJ never specifically

10 identified any such alleged inconsistency as a reason for rejecting

11 Dr. Styner's opinion (A.R. 17-24). Therefore, Defendant's argument

12 cannot redeem the Administration's errors. See Pinto v. Massanari,

13 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm the

14 decision of an agency on a ground that the agency did not invoke in

15 making its decision").

16

17 When a court reverses an administrative determination, "the

18 proper course, except in rare circumstances, is to remand to the

19 agency for additional investigation or explanation." INS v. Ventura,

20 537 U.S. 12 (2002) (citations and quotations omitted). Remand is

21 proper where, as here, additional administrative proceedings could

22 remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d

23 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

24 1496, 1497 (9th Cir. 1984).

25

26 The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

27 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

28 compel a reversal rather than a remand of the present case. In

1  Harman, the Ninth Circuit stated that improperly rejected medical
2  opinion evidence should be credited and an immediate award of
3  benefits directed where "(1) the ALJ has failed to provide legally
4  sufficient reasons for rejecting such evidence, (2) there are no
5  outstanding issues that must be resolved before a determination of
6  disability can be made, and (3) it is clear from the record that the
7  ALJ would be required to find the claimant disabled were such
8  evidence credited." Harman at 1178 (citations and quotations
9  omitted). Assuming, arguendo, the Harman holding survives the
10 Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3]
11 the Harman holding does not direct reversal of the present case.
12 Outstanding issues still must be resolved before a determination of
13 disability can be made. Further, it is not clear from the record
14 that the ALJ would be required to find Plaintiff disabled for
15 the entire claimed period of disability were the opinions of
16 Dr. Styner credited.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26
27      [3]      The Ninth Circuit has continued to apply Harman, despite
28 INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
   Cir. 2004).

8

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 25, 2006.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE